[Cite as *Canton School Emps. Fed. Credit Union v. Williams*, 2016-Ohio-2653.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CANTON SCHOOL EMPLOYEES FEDERAL CREDIT UNION | JUDGES: Hon. William B.Hoffman, P. J. Hon. Sheila G. Farmer, J. |
| Plaintiff/Counterclaim Defendant-Appellee | Hon. John W. Wise, J. |
| | Case No. 2016 AP 01 0003 |
| -vs- | |
| MARK A. WILLIAMS | O P I N I O N |
| Defendant/Counterclaim Plaintiff-Appellant | |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  2015 VR 07 0438

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      April 20, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

M. CHARLES COLLINS                        MARK A. WILLIAMS
MARK W. SANDRETTO                         PRO SE
EASTMAN & SMITH LTD.                      484 2nd Drive, N.E.
One Seagate, 24th Floor, PO Box 10032     New Philadelphia, Ohio  44663
Toledo, Ohio  43699-0032

ALFRED D. McCALLIN
500 Courtyard Center
116 Cleveland Avenue NW
Canton, Ohio  44702

*Wise, J.*

**{¶1}** Defendant-Appellant Mark A. Williams appeals the December 30, 2015, Judgment Entry entered by the Tuscarawas County Court of Common Pleas, granting the motion for summary judgment filed by Appellee Canton School Employees Federal Credit Union and dismissing his counterclaim

## STATEMENT OF THE CASE AND FACTS

**{¶2}** The relevant facts are as follows:

**{¶3}** On June 15, 2011, Appellant Mark A. Williams obtained a loan from Appellee Canton School Employees Federal Credit Union (CSE). The amount financed as shown on the Note, signed by Appellant, was $13,104.55. The total amount financed was comprised of three parts: (1). $3,405.55 to pay off a prior loan by Appellant with CSE (account number XXX220-53); (2). $9,400.00 to finance an automobile being purchased by Appellant at the time of the loan, i.e. a 2005 Chrysler 300 sedan (the "Vehicle") in which CSE took a security interest as part of the loan transaction; and (3). $299.00 for "gap insurance," which will pay the difference between the actual cash value of the Vehicle and the current outstanding balance on the Loan if something happens to the Vehicle during the course of the loan.

**{¶4}** The terms of the Note required that the Loan be repaid in 42 monthly installments of $377.33 each, commencing on July 15, 2011. If any payment was late by 15 days or more, a late charge of $25.00 was assessed.

**{¶5}** The Note also contained "Default and Repossession" and "Default Remedies" provisions that provided CSE with the right to require immediate payment

on the Loan's outstanding balance and the right to take possession of the collateral upon failure of Appellant to make any payment on time.

{¶6} During the course of the Loan, Appellant was chronically late with his payments.

{¶7} On July 22, 2015, Appellee Canton School Employees Federal Credit Union filed its Complaint against Appellant Mark Williams seeking judgment on a $4,304.20 balance owed to CSE, plus costs and interest, on the loan taken out by Mr. Williams. CSE also sought an order of replevin for possession of the Loan's collateral, an automobile.

{¶8} On August 24 2015, Appellant filed his Answer, wherein he admitted that he entered into the Loan agreement, but denied any balance was owed on the Loan, contending the Loan had been repaid and therefore CSE had no interest in the collateral.

{¶9} On September 22, 2015, Appellant filed a counterclaim (incorrectly designated as a cross-complaint). In his counterclaim, Appellant again admitted entering into the Loan agreement and granting a security interest in the Vehicle to CSE under the Note. Appellant also admitted that his Loan payments were "irregular" and that he had not relinquished title to the Vehicle, but alleged that he has more than paid off the Loan and the CSE has improperly applied his past payments. More specifically, Appellant alleged violations of the federal Truth in Lending Act (TILA), stating that TILA "requires full and complete disclosure of all finance amount costs. The disclosure in this matter clearly was not complete, and or deceptive resulting in a violation of said Federal Law." Appellant also alleged that he and his family had been harassed by CSE as part of its collection efforts.

{¶10} On October 13, 2015, CSE filed its Reply to Counterclaim, denying any liability to Appellant and asserting a number of affirmative defenses including that Appellant's counterclaim was untimely filed and that certain parts were barred by the applicable statute of limitations.

{¶11} That same day, CSE filed its Motion for Summary Judgment on All Claims, supported by the Affidavit of Stefanie McCrae. In its summary judgment motion, CSE first argued that, as to CSE's claim-in-chief against Appellant for the balance of his unpaid loan, Appellant had failed to make timely and sufficient payments on his loan and that CSE was therefore entitled to judgment in its favor on the unpaid balance and for replevin of the collateral.

{¶12} As to Appellant's counterclaim, CSE contended that the entire counterclaim was untimely under Civ.R. 13 and therefore subject to dismissal by the trial court. Further, CSE argued that Appellant failed to file his TILA claims within the one-year statute of limitations, and therefore such claims were barred. Lastly, CSE presented evidence that it did not violate the TILA.

{¶13} On October 30, 2015, Appellant filed his Opposition to Summary Judgment, arguing that the loan agreement documents did not contain any security agreement provisions, and also that CSE was "overreaching" by seeking judgment in excess of the actual unpaid balance on his loan.

{¶14} On Nov. 24, 2015, CSE filed its Reply Brief, noting to the trial court that the only evidence before it revealed that the Loan included security agreement provisions, and that the unpaid balance demanded by CSE was accurate given the Loan's terms and payments received to date from Appellant.

**{¶15}** On December 4, 2015, Appellant filed his Opposition to Reply Brief, reiterating his prior arguments against summary judgment.

**{¶16}** On December 30, 2015, the trial court entered its Judgment Entry granting summary judgment to CSE on the unpaid loan balance of $4,304.20, plus pre- and post-judgment interest at 11%. The trial court also dismissed with prejudice Appellant's counterclaim. In ruling in CSE's favor, the trial court determined that Appellant's counterclaim was untimely filed and filed without leave of court. The trial court also held that Appellant's claims based upon TILA were time-barred by TILA's one-year statute of limitations. The trial court further noted that CSE had identified the lack of genuine issues of material fact on Appellant's claims, and that he had failed to meet his reciprocal burden of setting forth specific facts under Civ.R. 56 to demonstrate a genuine issue for trial.

**{¶17}** It is from this judgment entry Appellant appeals, raising the following assignments of error:

## ASSIGNMENTS OF ERROR

**{¶18}** "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR PLAINTIFF WHILE NOT CONSIDERING THE EVIDENCE IN A LIGHT MOST FAVORABLE TO THE NON-MOVING PARTY AS REQUIRED.

**{¶19}** "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR THE PLAINTIFF IN ASSESSING THAT CLAIMS OF TILA VIOLATIONS WERE UNTIMELY FILED.

**{¶20}** "III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR THE PLAINTIFF, ASSESSING THAT THE PLAINTIFF POINTED TO MATTERS IN THE RECORD THAT SHOWED NO GENUINE ISSUE EXISTS.

**{¶21}** "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE COUNTERCLAIM WITH PREJUDICE."

### I., III. (Summary Judgment)

**{¶22}** In his First and Third Assignments of Error, Appellant contends the trial court erred in granting Appellees' motion for summary judgment. We disagree.

### "Summary Judgment Standard"

**{¶23}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.

**{¶24}** Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment

bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶25} It is based upon this standard that we review Appellant's Assignments of Error.

{¶26} Appellant herein challenges the finance charges and the total amount financed under the Note pursuant to the Truth in Lending Act. We shall address Appellant's TILA claims under Assignments of Error II and IV.

{¶27} Upon review, we find that the Affidavit of Ms. McCrae, attached to Appellee's Motion for Summary Judgment, supported the payoff balance of $4,304.20 as sought in the Complaint. Such Affidavit stated that the Loan Balance, as of June 28, 2015, was $4,059.83, plus unpaid interest for 118 days at $1.2235 per day, or $144.37, plus $100.00 in unassessed late fees for 4 months, totaling $4,304.20.

{¶28} Appellant failed to submit any evidence to demonstrate any genuine issues of material fact with regard to the loan amount, the finance and interest charges or whether his payments were properly applied.

**{¶29}** Based on the foregoing, we find that Appellee was entitled to summary judgment as a matter of law.

**{¶30}** Appellant's First and Third Assignments of Error are overruled.

### II., IV. (Counterclaim - TILA)

**{¶31}** In his Second and Fourth Assignments of Error, Appellant argues that the trial court erred in dismissing his counterclaim. We disagree.

#### *Counterclaim*

**{¶32}** Civ.R. 13(F) provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." Whether or not a party may, under appropriate circumstances, amend a responsive pleading to include a counterclaim is a decision left to the sound discretion of the trial court, and a trial court's decision will not be disturbed absent an abuse of discretion. *Chase Manhattan Mtge. Corp. v. Urquhart,* 12th Dist. Butler Nos. CA2004–04–098 and CA2004–10–271, 2005–Ohio–4627, ¶ 17. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily, or unconscionably. *Wells Fargo Bank v. Smith,* 12th Dist. Brown No. CA2012–04–006, 2013–Ohio–855, ¶ 13.

**{¶33}** Upon review, we find no abuse of discretion by the trial court in dismissing Appellant's counterclaim. Here, the record reflects that Appellant filed his Counterclaim 29 days after his Answer without seeking leave of the trial court. Accordingly, based on these facts, we agree with the trial court's finding that Appellant's Counterclaim was

untimely and, therefore, conclude that the trial court did not abuse its discretion in dismissing same.

*Truth in Lending Act*

**{¶34}** Appellant's Answer contains no allegations of a violation of the Truth in Lending Act. Appellant's TILA claims are raised for the first time in his Counterclaim, which we have found to have been untimely filed.

**{¶35}** However, we find that even if Appellant's Counterclaim had been timely filed, Appellant's TILA claims were not timely.

**{¶36}** With certain inapplicable exceptions, a plaintiff must bring any claim for damages based on a violation of TILA "within one year from the date of the occurrence of the violation." 15 U.S.C. 1640(e). Here, the asserted violation occurred on June 15, 2011, when Appellee allegedly failed to make complete disclosure in the Note, i.e. the amount financed, the finance charge, the annual percentage rate, the number, amounts and timing of payments scheduled to repay the obligation, and the total of the payments. Appellant did not raise his TILA claims until September 22, 2015, in his Counterclaim – over four years after the alleged violation occurred. Because Appellant did not file his claim within the one-year statute of limitations, the trial court did not err in dismissing his untimely Counterclaim.

**{¶37}**  Appellant's Second and Fourth Assignments of Error are overruled.

**{¶38}**  For the foregoing reasons, the judgment of the Court of Common Pleas of

Tuscarawas County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.


JWW/d 0328