[Cite as *Williams v. Canton School Employees Fed. Credit Union*, 2018-Ohio-2474.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| MARK A. WILLIAMS | JUDGES:<br>Hon. John W. Wise, P. J.<br>Plaintiff-Appellant |
| Plaintiff-Appellant | Hon. W. Scott Gwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 2017 CA 00213 |
| CANTON SCHOOL EMPLOYEES<br>FEDERAL CREDIT UNION | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
                            Pleas, Case No.  2017 CV 01645


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     June 25, 2018


APPEARANCES:

For Plaintiff-Appellant          For Defendant-Appellee

MARK A. WILLIAMS                 M. CHARLES COLLINS
PRO SE                           EASTMAN & SMITH LTD
6054 Quarry Lake Drive, NE       One SeaGate, 24th Floor
East Canton, Ohio  44730         P.O. Box 10032
                                 Toledo, Ohio  43699-0032

*Wise, John, P. J.*

{¶1} Plaintiff-Appellant Mark A. Williams appeals the October 23, 2017, Judgment Entry entered by the Stark County Court of Common Pleas, granting the motion for summary judgment filed by Defendant-Appellee Canton School Employees Federal Credit Union.

## STATEMENT OF THE CASE AND FACTS

{¶2} The relevant facts and procedural history are as follows:

{¶3} On June 15, 2011, Appellant Mark A. Williams obtained a loan from Appellee Canton School Employees Federal Credit Union (CSE). The amount financed as shown on the Note, signed by Appellant, was $13,104.55. The total amount financed was comprised of three parts: (1). $3,405.55 to pay off a prior loan by Appellant with CSE (account number XXX220-53); (2). $9,400.00 to finance an automobile being purchased by Appellant at the time of the loan, i.e. a 2005 Chrysler 300 sedan (the "Vehicle") in which CSE took a security interest as part of the loan transaction; and (3). $299.00 for "gap insurance," which will pay the difference between the actual cash value of the Vehicle and the current outstanding balance on the Loan if something happens to the Vehicle during the course of the loan.

{¶4} The terms of the Note required that the Loan be repaid in 42 monthly installments of $377.33 each, commencing on July 15, 2011. If any payment was late by 15 days or more, a late charge of $25.00 was assessed.

{¶5} The Note also contained "Default and Repossession" and "Default Remedies" provisions that provided CSE with the right to require immediate payment

on the Loan's outstanding balance and the right to take possession of the collateral upon failure of Appellant to make any payment on time.

{¶6} During the course of the Loan, Appellant was chronically late with his payments.

{¶7} On July 22, 2015, Appellee Canton School Employees Federal Credit Union filed its Complaint against Appellant Mark Williams seeking judgment on a $4,304.20 balance owed to CSE, plus costs and interest, on the loan taken out by Mr. Williams. CSE also sought an order of replevin for possession of the Loan's collateral, an automobile.

{¶8} On August 24 2015, Appellant filed his Answer, wherein he admitted that he entered into the Loan agreement, but denied any balance was owed on the Loan, contending the Loan had been repaid and therefore CSE had no interest in the collateral.

{¶9} On September 22, 2015, Appellant filed a counterclaim (incorrectly designated as a cross-complaint). In his counterclaim, Appellant again admitted entering into the Loan agreement and granting a security interest in the Vehicle to CSE under the Note. Appellant also admitted that his Loan payments were "irregular" and that he had not relinquished title to the Vehicle, but alleged that he has more than paid off the Loan and the CSE has improperly applied his past payments. More specifically, Appellant alleged violations of the federal Truth in Lending Act (TILA), stating that TILA "requires full and complete disclosure of all finance amount costs. The disclosure in this matter clearly was not complete, and or deceptive resulting in a violation of said Federal Law." Appellant also alleged that he and his family had been harassed by CSE as part of its collection efforts.

{¶10} On October 13, 2015, CSE filed its Reply to Counterclaim, denying any liability to Appellant and asserting a number of affirmative defenses including that Appellant's counterclaim was untimely filed and that certain parts were barred by the applicable statute of limitations.

{¶11} That same day, CSE filed its Motion for Summary Judgment on All Claims, supported by the Affidavit of Stefanie McCrae. In its summary judgment motion, CSE first argued that, as to CSE's claim-in-chief against Appellant for the balance of his unpaid loan, Appellant had failed to make timely and sufficient payments on his loan and that CSE was therefore entitled to judgment in its favor on the unpaid balance and for replevin of the collateral.

{¶12} As to Appellant's counterclaim, CSE contended that the entire counterclaim was untimely under Civ.R. 13 and therefore subject to dismissal by the trial court. Further, CSE argued that Appellant failed to file his TILA claims within the one-year statute of limitations, and therefore such claims were barred. Lastly, CSE presented evidence that it did not violate the TILA.

{¶13} On October 30, 2015, Appellant filed his Opposition to Summary Judgment, arguing that the loan agreement documents did not contain any security agreement provisions, and also that CSE was "overreaching" by seeking judgment in excess of the actual unpaid balance on his loan.

{¶14} On Nov. 24, 2015, CSE filed its Reply Brief, noting to the trial court that the only evidence before it revealed that the Loan included security agreement provisions, and that the unpaid balance demanded by CSE was accurate given the Loan's terms and payments received to date from Appellant.

**{¶15}** On December 4, 2015, Appellant filed his Opposition to Reply Brief, reiterating his prior arguments against summary judgment.

**{¶16}** On December 30, 2015, the trial court entered its Judgment Entry granting summary judgment to CSE on the unpaid loan balance of $4,304.20, plus pre- and post-judgment interest at 11%. The trial court also dismissed with prejudice Appellant's counterclaim. In ruling in CSE's favor, the trial court determined that Appellant's counterclaim was untimely filed and filed without leave of court. The trial court also held that Appellant's claims based upon TILA were time-barred by TILA's one-year statute of limitations. The trial court further noted that CSE had identified the lack of genuine issues of material fact on Appellant's claims, and that he had failed to meet his reciprocal burden of setting forth specific facts under Civ.R. 56 to demonstrate a genuine issue for trial.

**{¶17}** Appellant appealed to this Court, raising four assignments of error, all of which challenged the trial court's granting of summary judgment in favor of Canton School Employees Federal Credit Union.  This Court affirmed the decision of the trial court. *See Canton School Emps. Fed. Credit Union v. Williams*, 5th Dist. Tuscarawas No. 2016 AP 01 0003, 2016-Ohio-2653.

**{¶18}** On August 11, 2017, Appellant filed a Complaint in the Stark County Court of Common Pleas alleging Appellee Canton School Employees Federal Credit Union delivered to him a fraudulent promissory note and security agreement for his automobile loan, that CSE incorrectly applied his car payments and sought improper additional payment amounts in violation of TILA, and that CSE undertook repossession efforts and harassed him.

**{¶19}** On August 30, 2017, Appellee Credit Union filed a Motion for Summary Judgment.

**{¶20}** On September 13, 2017, Appellant filed his brief in opposition.

**{¶21}** By Judgment Entry filed October 23, 2017, the trial court granted Appellee's Motion for Summary Judgment, finding Appellant's claims in his Complaint were barred by the doctrine of res judicata.

**{¶22}** Appellant now appeals, assigning the following assignments of error  (as taken from the body of Appellant's brief[1]:

## ASSIGNMENTS OF ERROR

**{¶23}** "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BY APPLYING THE RULES OF JUDICATA BASED ON AN OUTCOME FROM TUSCARAWAS COUNTY.

**{¶24}** "II. THE PREVIOUS TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT IN RULING THAT THE COUNTERCLAIM WAS UNTIMELY FILED AND AS SUCH THAT CASE WAS CUT WELL SHORT OF A JUST CONCLUSION.

**{¶25}** "III. THE PREVIOUS TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHILE LEAVING AMBIGUOUS AND OPPOSING ORDERS IN ITS CONCLUSION.

---

[1] Appellant's assignments of error as listed on pages 2 and 3 of his brief are identical to those in his prior appeal *Canton School Emps. Fed. Credit Union v. Williams*, 5th Dist. Tuscarawas No. 2016 AP 01 0003, 2016-Ohio-2653, and do not match the assignments or error as set forth in the body of Appellant's brief.

**{¶26}** "IV. THE ORIGINAL TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE COUNTERCLAIM WITH PREJUDICE."

**I., II., III., and IV.**

**{¶27}** In his first Assignment of Error, Appellant contends the Stark County trial court erred in granting Appellees' motion for summary judgment. In his Second, Third and Fourth Assignments of Error, Appellant argues that the Tuscarawas County trial court in the prior appeal erred in granting summary judgment in favor of Appellee and in dismissing his counterclaim. We disagree.

<u>"Summary Judgment Standard"</u>

**{¶28}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is

made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.

{¶29} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶30} It is based upon this standard that we review Appellant's Assignments of Error.

{¶31} Appellant herein challenges the trial court's finding that the claims in his Complaint are barred by the doctrine of *res judicata*.

{¶32} Upon review, we also find Appellant's arguments are barred by the doctrine of *res judicata.* In *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, syllabus, the Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."

**{¶33}** Here, Appellant is attempting to re-litigate the issues with regard to the promissory note and security agreement with CSE attached to his automobile loan, as well as alleged TILA violations. These claims were previously raised and decided in the Tuscarawas County case and affirmed on appeal to this Court.

**{¶34}** Based on the foregoing, we find that Appellee was entitled to summary judgment as a matter of law.

**{¶35}** Appellant's Assignments of Error are overruled.

**{¶36}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By: Wise, John, P. J.

Gwin, J., and

Wise, Earle, J. concur.

.

JWW/d 0614