OPINION
{¶ 1} Appellant, Timothy Gilleland, appeals from the judgment of the Champaign County Municipal Court finding him guilty of violating Ohio Revised Code 4511.19, driving while under the influence of drugs of abuse, and Ohio Revised Code 4511.33, a marked lanes violation. In his appeal, Gilleland asserts three assignments of errors: (1) that the trial court committed prejudicial error by refusing to grant Appellant's motion for a continuance, (2) that the trial court committed prejudicial error by allowing the State to substantially change the charges and elements of the offenses 5-10 minutes prior to trial, and (3) that the trial court committed plain error in not granting Appellant's motion for a directed verdict after trial.
 {¶ 2} On September 22, 2000, Gilleland was stopped by Officer Risely of the St. Paris Police Department and cited for driving to the left of the center line, in violation of R.C. 4511.29. Pursuant to the traffic stop, and on Officer Risely's reasonable suspicion of intoxication due to ingestion of alcohol and prescription drugs, Gilleland was taken into custody and brought to a hospital where medical staff drew his blood pursuant to R.C. 4511.191. The blood test indicated that Gilleland's blood alcohol content was .01, which is below the legal limit (at the time) of .10. However, Officer Risely had observed numerous empty or near empty bottles of prescription drugs in Gilleland's vehicle with labels which indicated that they had been filled that day. Consequently, Gilleland was released from the hospital to a family member, but was cited for operating a motor vehicle while "under the influence of alcohol/drug of abuse." Although the citation given to Gilleland contained an "X" in the box to the immediate left of "OMVI", the citation also contained a mistaken reference to R.C. 4511.191, which is the implied consent statute, instead of R.C. 4511.19(A)(1), which is the proper citation for operating a motor vehicle while intoxicated.
 {¶ 3} The case went to trial on December 17, 2003. Prior to beginning voir dire, the trial court considered the State's motion to amend the charges against Gilleland, pursuant to Crim. R. 7(D). The court immediately permitted the citation to be amended from R.C. 4511.191 to R.C. 4511.19(A)(1), and took under advisement the State's request that the citation for driving left of center, a violation of R.C. 4511.29, be amended to a marked lanes violation, pursuant to R.C. 4511.33. After hearing testimony from the State's witnesses, the court granted the State's request to amend the charge against Gilleland from driving left of center to a marked lanes violation. At the close of the case, the Jury returned a guilty verdict on both counts and Gilleland was fined $385 and sentenced to 180 days in jail.
 {¶ 4} In his first assignment of error, Appellant Gilleland asserts that the "trial court committed prejudicial error by refusing to grant the Defendant-Appellant's motion to continue the jury trial thereby denying counsel the chance to properly review the State's discovery disclosure and adequately prepare the case for trial."
 {¶ 5} In deciding a motion for a continuance a trial court is to consider various factors such as (1) length of the delay requested; (2) whether other continuances have been requested and granted; (3) the inconvenience to the litigants, witnesses, counsel, and the court; (4) whether the requested continuance is for legitimate purposes; (5) whether the requesting party has contributed to the circumstance giving rise to the continuance; and (6) all other relevant factors. See State v. Unger
(1981), 67 Ohio St.2d 65, 67-68. The grant or denial of a motion for a continuance is entrusted to the discretion of the trial court and will not be reversed absent an abuse of discretion. State v. Broom (1988),40 Ohio St.3d 277, 288. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157. Further, the appellant must show how he has been prejudiced before there can be a finding of prejudicial error. Broom,40 Ohio St.3d at 288.
 {¶ 6} In this instance we cannot say that the trial court abused its discretion in denying appellant's motion for a continuance. We consider especially relevant in this case the fact that the appellant had failed to appear with counsel until almost three years after being charged and was unwilling to waive his right to a speedy trial, thus necessitating that a trial be set for a date very soon after the December 11, 2003, arraignment. Also, the trial date of December 17, 2003, was set while Attorney Bucci, trial counsel for Gilleland, was present at the arraignment and at that time Attorney Bucci neither indicated to the court that he did not wish to represent Gilleland at trial nor that the trial date of December 17 was too early for him to prepare an adequate defense, thus calling into question whether the continuance was really necessary. Finally, the appellant has failed to show specifically how he was prejudiced by the denial of the continuance.
 {¶ 7} In short, we can not say that the trial court's decision to deny the continuance is unreasonable, arbitrary or unconscionable. Accordingly, appellant's first assignment of error is overruled.
 {¶ 8} In his second assignment of error, Appellant Gilleland asserts that the "trial court committed prejudicial error by allowing the State to amend the complaint 5-10 minutes before the beginning of trial, thereby substantially changing the name of the charge and the elements of the offense." At issue in this assignment of error is whether the trial court's application of Crim. R. 7(D) was proper.
 {¶ 9} Crim. R. 7(D) provides in part: "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." However, Crim. R. 7(B) also states in part that: "Error in the numerical designation or omission of the numerical designation shall not be ground for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant."
 {¶ 10} In regard to the amending of the statute originally referenced in the citation from R.C. 4511.191 to R.C. 4511.19(A)(1), we cannot say that this changed the name or identity of the crime charged. Rather, it seems clear that the amendment did no more than correct a mistaken statutory reference and conform the amended reference to the original charge.
 {¶ 11} The citation, as prepared and served on Gilleland September 22, 2000, had an "X" in the box to the immediate left of "OMVI." There was another "X" in a box to the immediate left of "Under the influence of alcohol/drug of abuse."
 {¶ 12} The citation, as originally prepared, could only have informed Gilleland that he was charged with driving under the influence, notwithstanding the mistaken reference to R.C. 4511.191, which appeared to the immediate right of "X"ed boxes indicating a violation of operating a motor vehicle while intoxicated. See, e.g., State v. Mays (1995),104 Ohio App.3d 241, 247 (holding that a minor error in the numerical designation of the offense was insufficient to warrant reversal where the complaint adequately informed the defendant of the offense with which he was charged).
 {¶ 13} Thus, in regard to the "OMVI" conviction Gilleland's second assignment of error is overruled.
 {¶ 14} In addition to permitting the amendment, prior to trial, of the charge of a violation of R.C. 4511.191 to R.C. 4511.19(A)(1), the trial court also amended, at the close of the State's case, the other charge against Gilleland. Per the State's request, the trial court amended the charge of "driving left of the center line" in violation of R.C. 4511.29
to a marked lanes violation under R.C. 4511.33. In contrast to the other amendment, the name and identity of the offense in the initial citation is not the same as the name and identity of the offense prohibited by R.C. 4511.33. Indeed, the State pointed out to the trial court that the two charges have different elements. (Tr. 109-110). Gilleland was not adequately informed of the offense he was charged with, especially considering that the court waited until the close of the State's case to amend the charge.
 {¶ 15} An amendment which changes the name or identity of the offense alleged, being expressly forbidden by Crim. R. 7(D), is reversible error regardless of whether a defendant can demonstrate prejudice as a result of the amendment. See Middletown v. Blevins (1987), 35 Ohio App.3d 65,67. Because the amendment of the driving left of center line charge to marked lanes violation permitted by the trial court is expressly prohibited by Crim. R. 7(D), we must sustain Gilleland's second assignment of error in regard to the conviction of a "marked lanes violation" pursuant to R.C. 4511.33. We note, however, that error of the trial court in allowing the amendment to the driving left of center line charge could not have affected the jury's decision as to the "OMVI" charge.
 {¶ 16} In sum, appellant's second assignment of error is overruled as it pertains to the "OMVI" conviction and sustained as it pertains to the "marked lanes violation."
 {¶ 17} In his third assignment of error, appellant Gilleland asserts that the "trial court committed plain error in not granting the Defendant-Appellant's motion for a directed verdict in that the [sic] there was insufficient evidence presented to support the verdict."
 {¶ 18} A motion for a directed verdict requires a trial court to determine if there was sufficient evidence presented such that the case should go to the jury. State v. Thompkins (1997), 78 Ohio St.3d 380, 388. In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. Id. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259 citing Jackson v. Virginia (1979), 443 U.S. 307,319. The verdict is to remain undisturbed if reasonable minds could come to the same conclusion as the fact finder. Jenks, 61 Ohio St.3d at 273.
 {¶ 19} As the second assignment of error was sustained as it pertains to the "marked lanes violation" we need only address whether reasonable minds could have concluded from the evidence that the appellant was operating a motor vehicle while under the influence. Gilleland asserts that without a blood test or the performance of field sobriety tests there was insufficient evidence offered from which a jury could conclude he was guilty. However, we find that the observations of the arresting officer were sufficient for a jury to conclude that Gilleland was under the influence of drugs of abuse. The officer observed Gilleland's erratic driving and Gilleland himself as being disoriented and having glassy eyes and a demeanor which indicated that he was under the influence of drugs. In addition, the relatively empty prescription drug bottles which had been filled that same day are consistent with both the officer's and the jury's conclusion that Gilleland was under the influence of drugs. Thus, we believe that the State presented sufficient evidence to permit the case to proceed to the jury and that a reasonable jury could have concluded beyond a reasonable doubt from the evidence presented that Gilleland was guilty of operating a motor vehicle while under the influence of drugs. See State v. Flynt (Mar. 21, 2003), 2003 WL 1456801 *1, *4 (holding that reasonable jury could conclude the defendant was intoxicated based on officer's observations of driving, bloodshot eyes and demeanor even though no field sobriety tests were administered or breathalyzer/blood test results admitted). Therefore, appellant's third assignment of error is overruled.
 {¶ 20} In sum, appellant's first and third assignments of error are overruled in their entirety and appellant's second assignment of error is overruled as it pertains to the charge of operating a motor vehicle while under the influence of drugs. Appellant's second assignment of error is sustained with respect to the charge of a marked lanes violation. Therefore, the judgment finding appellant guilty of a marked lanes violation will be REVERSED. All other aspects of the judgment of the Municipal Court of Champaign County will be AFFIRMED.
Brogan, P.J. and Fain, J., concur.