[Cite as *State v. Williams*, 2014-Ohio-3169.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO/WRIGHT STATE          :
UNIVERSITY

      Plaintiff-Appellee          :          C.A. CASE NO.    2013 CA 74

v.          :          T.C. NO.    CVF1200211

BRIAN K. WILLIAMS          :          (Civil appeal from
                                    Municipal Court)

      Defendant-Appellant          :

                                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____18th_____ day of _____July_____, 2014.

. . . . . . . . . .

CHARLES F. GEIDNER, Atty. Reg. No. 0023889 and BRENT E. RAMBO, Atty. Reg. No. 0076969, 15 W. Fourth Street, Suite 250, Dayton, Ohio 45402
      Attorneys for Plaintiff-Appellee

BRIAN K. WILLIAMS, P. O. Box 4931, Newark, Ohio 43058
      Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

    **{¶ 1}** Brian K. Williams appeals from a judgment of the Fairborn Municipal

Court, which denied his Civ.R. 60(B) motion to set aside a default judgment. For the

following reasons, the trial court's judgment will be affirmed.

{¶ 2} On February 14, 2012, the State of Ohio brought an action in the municipal court claiming that Williams owed $5,085.44 for goods and services rendered to him through Wright State University. The exhibits attached to the complaint indicated that Williams owed a principal balance of $2,688.77, interest in the amount of $667.62, and collection costs of $1,729.05. Williams was served with the complaint on February 28, 2012, as reflected by a United States Postal Service delivery confirmation card. Williams did not respond to the complaint. Consequently, in April 2012, the State moved for a default judgment. On April 12, 2012, the trial court granted the motion and awarded a default judgment to the State in the amount of $5,085.44, with statutory interest.

{¶ 3} Williams appealed from the default judgment. We affirmed the trial court's judgment, noting that Williams had failed to file an answer as required by Civ.R. 12(A)(1), that the State's complaint clearly set forth the amount owed, and the amount was supported with documentary evidence. *Wright State Univ. v. Williams*, 2d Dist. Greene No. 2012-CA-37, 2012-Ohio-5095. We commented that, "[i]f Williams believes that grounds exist for setting aside the default judgment, he may be able to file a motion with the trial court, setting forth reasons why the default judgment should be set aside." *Id.* at ¶ 10. We stated no opinion as to whether any such motion would have merit. *Id.*

{¶ 4} On April 11, 2013, Williams filed a "motion to set aside default judgment." He stated that he did not answer the summons because he could not secure counsel to represent him due to his lack of employment and funds to employ an attorney. He further stated that he "was not educated enough to put forth an answer by himself because he had not attended any civil law classes or was pursuing a law degree." Williams indicated that

he had a valid defense to the university's claim, because he did not owe the full amount claimed by the university. Williams provided documentation to support his assertion that he owed a lesser principal balance.

{¶ 5} The matter was referred to a magistrate, who scheduled a hearing for May 21, 2013. Williams did not appear for the hearing. On May 24, 2013, the magistrate ruled that Williams's motion alleged a meritorious defense, but his reasons for failing to respond to the complaint did not constitute excusable neglect. The magistrate noted that pro se litigants are held to the same standards as other litigants. The trial court adopted the magistrate's decision.

{¶ 6} On June 3, 2013, Williams filed a "motion to vacate judgment and request an evidentiary hearing," which the trial court construed as objections to the magistrate's ruling. Williams again emphasized that he did not owe the principal balance claimed by Wright State University, and he asserted that he was misled by the university's financial aid counselor about what aid would be awarded to him for the spring quarter of 2004. In response, Wright State University argued that Williams's motion was not timely and failed to establish excusable neglect. The trial court ordered Williams to have a transcript of the May hearing transcribed, but no transcript was filed. The trial court scheduled an evidentiary hearing for July 30, 2013. The record reflects that both parties appeared for the July 30 hearing, but a transcript of that hearing was not ordered and is also not part of the record.

{¶ 7} On October 31, 2013, the trial court overruled Williams's objections and denied his motion to set aside the default judgment. The court found that Williams's

motion was timely and that he presented a meritorious defense to the judgment. It further found, however, that Williams failed to demonstrate that he was entitled to relief under Civ.R. 60(B)(1) through (5).

{¶ 8} Williams appeals from the trial court's judgment, claiming that "the trial court erred by denying Appellant's motion to set aside default judgment." Williams asserts that relief should have been granted because his motion was timely and he has a meritorious defense to the judgment.

{¶ 9} Civ.R. 60(B) permits trial courts to relieve parties from a final judgment for the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect;" (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged; or (5) any other reason justifying relief from the judgment. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time and, for reasons under Civ.R. 60(B)(1)-(3), not more than one year after judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. All of these requirements must be satisfied, and the motion should be denied if any one of the requirements is not met. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994); *Cincinnati Ins. Co. v. Schaub*, 2d Dist. Montgomery No. 22419, 2008-Ohio-4729, ¶ 15.

{¶ 10} We review the trial court's determination of a Civ.R. 60(B) motion for an abuse of discretion. *State ex rel. Jackson v. Ohio Adult Parole Authority*, Slip Opinion No.

2014-Ohio-2353, ¶ 22; *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion means that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 11}** At the outset, we reiterate that Williams failed to provide a transcript of the May hearing before the magistrate and of the July hearing before the trial court. As a result of that failure, we have no record of the evidence presented to the magistrate and the trial court at those hearings, and we cannot review their factual findings. *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980) (duty to provide transcript for appellate review); Civ.R. 53(D)(3)(b)(iii) (objection to magistrate's factual findings). With the limited record before us, we find no abuse of discretion in the trial court's ruling.

**{¶ 12}** First, the trial court did not abuse its discretion when it found that Williams did not establish that his failure to respond to the complaint was due to excusable neglect. The Ohio Supreme Court has defined "excusable neglect" in the negative, stating that "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996); *State ex rel. Jackson* at ¶ 23. Williams claimed in his motion that he did not respond to the complaint due to his inability to hire an attorney and his lack of legal training.

**{¶ 13}** In finding no excusable neglect, the trial court noted that Williams did not argue that he did not know that he had to file a response to the complaint or that he was not served with the complaint. The trial court found that Williams had received the complaint and summons and that he was on notice of both the requirement that he respond to the complaint and that, if he did not respond, Wright State University could be granted a default

judgment against him for the amount stated in the complaint. The court emphasized that pro se litigants are held to the same standards as other litigants. The court concluded that Williams's explanation for his failure to respond (i.e., he lacked legal training and was unable to hire an attorney) was not a justifiable excuse for his failure to attempt a timely response to the complaint. On the record before us, the trial court's determination was not an abuse of discretion.

{¶ 14} Second, the court found that Williams was not entitled to relief from judgment under Civ.R. 60(B)(3), concerning fraud, misrepresentation or other misconduct by an adverse party. Williams had argued that he was misled by a Wright State University financial aid counselor that he would not be receiving financial aid in the spring of 2004. The trial court noted that Williams had acknowledged receiving documentation about the financial aid in 2004. The trial court concluded: "[N]one of this documentation is newly discovered. Defendant also did not present any information that he appealed the University's decision. Taking all of the documents provided by Defendant in tandem, the Court cannot ascertain any fraud, misrepresentation, or other misconduct by Plaintiff in its actions notifying Defendant that he was not eligible for federal student aid for the spring quarter of 2004 or how that alleged activity impacted whether Defendant owed monies on account to Plaintiff."

{¶ 15} Williams's arguments do not demonstrate that he can satisfy Civ.R. 60(B)(3). "The fraud or misconduct contemplated by Civ.R. 60(B)(3) is fraud or misconduct on the part of the adverse party in obtaining the judgment by preventing the losing party from fully and fairly presenting his defense, not fraud or misconduct which in

itself would have amounted to a claim or defense in the case.*"* *Wells Fargo Bank, N.A. v. Brandle*, 2d Dist. Champaign No. 2012 CV 2, 2012-Ohio-3492, ¶ 13. Even accepting Williams's argument that Wright State University misled him about the issuance of financial aid, that argument may have constituted a defense to Wright State University's original claim or may have concerned a potential claim against the university for fraud; it does not allege that Wright State University engaged in any conduct that prevented him from timely responding to the complaint and presenting a defense. The trial court did not abuse its discretion in finding that Williams failed to satisfy Civ.R. 60(B)(3).

{¶ 16} Williams's assignment of error is overruled.

{¶ 17} The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Charles F. Geidner
Brent E. Rambo
Brian K. Williams
Hon. Beth W. Root