[Cite as *State v. Harrison*, 2020-Ohio-3817.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-59 |
| | : | |
| v. | : | Trial Court Case No. TRD-1902283 |
| | : | |
| DE'ACAPONE T. HARRISON | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of July, 2020.

. . . . . . . . . . .

JOSHUA LOYA, Atty. Reg. No. 0096462, Assistant Prosecuting Attorney, City of Fairborn, 510 West Main Street, Fairborn, Ohio 45324
        Attorney for Plaintiff-Appellee

DE'ACAPONE T. HARRISON, Inmate No. A768-437, Southeastern Correctional Institution, 5900 B.I.S. Road, Lancaster, OH 43130
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} This case is before us on the pro se appeal of De'Acapone T. Harrison from his convictions on two minor misdemeanors in the Fairborn Municipal Court: a window tint violation (R.C. 4513.241), and traveling 72 miles per hour on a state route in a 60 mile per hour zone, in violation of R.C. 4511.21(D)(2). According to Harrison, his convictions should be set aside because the State failed to turn over discovery before trial, and the trial court briefly delayed the trial to allow the State's witness to arrive. Finally, Harrison contends that he was deprived of the right to various information concerning why the State's witness was late to trial.

{¶ 2} After considering the record and the applicable law, we find Harrison's arguments without merit. Accordingly, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

{¶ 3} On March 18, 2019, the State filed a traffic ticket in the Fairborn Municipal Court, alleging that on March 16, 2019, Harrison had operated a 2005 Nissan northbound on SR-4 at 72 miles per hour in a 60 miles per hour zone, in violation of R.C. 4511.21(D)(2). A window tint violation under R.C. 4513.241 was also alleged. The ticket set a court date for March 29, 2019, and Harrison was not required to personally appear.

{¶ 4} On March 29, 2019, Harrison appeared in court, pro se, pled not guilty, and filed a demand for discovery. Trial was then set for April 9, 2019, at 9:45 a.m. Harrison appeared for trial on that date and informed the magistrate that he had not received the State's discovery materials.

{¶ 5} Harris did not file the transcript of the hearing with the trial court or with our

court, so we are without a record of the hearing. The magistrate's decision, which was issued the day of trial, indicates that Harrison moved to dismiss the case because he had not received a copy of any video evidence. The State said it had mailed discovery to the address that Harrison provided, but Harrison claimed he had not received it. At that time, the bailiff made a copy of the discovery materials and gave them to Harrison. The magistrate then offered Harrison a continuance of the trial, so that Harrison could have sufficient time to review the discovery. However, Harrison rejected the offer.

{¶ 6} The magistrate's decision further indicates that the trial was delayed for about 35 minutes because the citing officer, Trooper Wilson, had been detained while on the road. Harrison moved to dismiss the case due to the delay, but the magistrate overruled the motion because the delay was not unreasonable and Harrison was not prejudiced.

{¶ 7} After hearing the evidence, the magistrate found Harrison guilty of the window tint violation and fined him $25, plus court costs. In a separate entry, the magistrate found Harrison guilty of the speeding violation as well and imposed a $25 fine plus court costs.

{¶ 8} Harrison filed an "appeal" (which the court interpreted as objections) from the magistrate's decision, and also requested a stay of the sentence until his appeals were exhausted. In addition, Harrison asked that a transcript be made. The court granted Harrison's request for a stay and ordered that a video be provided to an independent reporter, who would let Harrison know of the transcript cost. The court also informed Harrison that unless he paid for the transcript, the case would be considered without it. In response, Harrison attempted to file a poverty affidavit, but it was incorrect. After assistance from the court, he filed the correct form on May 7, 2019, and the court then

ordered the clerk to pay for the transcript.

{¶ 9}   On June 24, 2019, Harrison filed a motion asking the court to correct the transcript.   The motion focused on the fact that the transcriber had incorrectly used the wrong court caption on the first page and on the transcriber's designation of certain matters as "inaudible."   On July 1, 2019, the court overruled Harrison's request that the court listen to the audio tape and correct the transcript.   The court commented that it could not require someone (the transcriber) to hear things the person did not hear.   The court did note that it would deem the transcript amended to reflect the correct caption.   In the entry, the court also said: "The Court grants Defendant ten (days) from the date of this Entry to file any supplemental objections to the Magistrate's April 9, 2019 Decision, *along with the transcript*."   (Emphasis added.)   Entry, p. 2.   The court also gave the State 14 days from the filing of the objections to respond.   *Id.*

{¶ 10} Harrison filed his supplemental objections on July 10, 2019, but did not file the transcript.   The State did not respond to the objections.   On September 17, 2019, the court filed an entry overruling the objections and finding Harrison guilty as charged. The court then imposed sentences of $25 and court costs for each conviction.

{¶ 11} Harrison filed a notice of appeal on September 30, 2019.   In addition, he thereafter (one minute later) filed a motion objecting to the trial court's judgment.   The trial court overruled that motion on October 2, 2019.   No appeal was taken, at least as it appears from the docketed record of this case.

Alleged Discovery Violations

{¶ 12} Harrison's First Assignment of Error states that:

The Trial Court Failed to Direct the State to Hand Over All Discoverable Matter Before Holding Trial, Which Denied the Appellant Rights Under the 5th and 14th Amendments Under Due Process, Equal Protection of the Law in the Regards to Appellant[']s Substantive and Procedural Rights [and] Is a Constitutional Violation.

{¶ 13} Harrison contends that the case should have been dismissed because the State failed to provide discovery prior to trial. As support, Harrison cites some cases where judgments were reversed because the State failed to produce discovery to the defendant. *E.g., State v. South*, 162 Ohio App.3d 123, 2005-Ohio-2152, 832 N.E.2d 1222, ¶ 8 (9th Dist.).

{¶ 14} Before addressing the merits of this argument, we note that no transcript of the April 9, 2019 trial proceedings before the magistrate was filed either in the trial court or on appeal. Ohio Crim.R. 19(D)(3)(b)(iii) provides, in pertinent part, that:

An objection to a factual finding, whether or not specifically designated as a finding of fact under Crim.R. 19(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. * * * The objecting party *shall file the transcript or affidavit with the court within thirty days after filing objections* unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

(Emphasis added.)

{¶ 15} Although the trial court told Harrison that he needed to file the transcript of the April 9, 2019 trial, the court's docket does not indicate that any transcript was ever filed. The clerk did file a transcript with our court on January 2, 2020. A notation on the envelope indicates that the transcript was being filed in three cases that Harrison was appealing. The front page of the transcript indicates that it is for a hearing held on September 24, 2019, and the listed case number is TRD-1902283 (the case number for the case at hand).

{¶ 16} However, the trial court indicates in the body of the transcript that the cases in question, while also involving Harrison, are Fairborn Municipal Court Case Nos. CRB1809765 and CRB1900677. *See* September 24, 2019 Transcript, p. 4, 15, and 19. Those cases involved two charges of possession of drug paraphernalia and two counts of possession of marijuana. Because the State could not establish the marijuana charges, it elected to withdraw them and proceed on the two paraphernalia charges. *Id.* at p. 13, 16-17, and 20. After trial on those charges, the court found Harrison guilty and imposed fines and court costs. *Id.* at p. 49-50. Those decisions are currently being appealed in Greene App. Nos. 2019-CA-60 and 2019-CA-61.

{¶ 17} The front page of the transcript was obviously not correctly labeled, as the transcript pertained to cases other than the case before us and to a trial held on September 24, 2019, rather than April 9, 2019. Furthermore, there is no evidence that a transcript was ever filed at the trial court level for this case, i.e., TRD1902283.

{¶ 18} Due to the lack of a transcript, "we have no record of the evidence presented to the magistrate and the trial court * * * and we cannot review their factual findings." *State v. Williams*, 2d Dist. Greene No. 2013-CA-74, 2014-Ohio-3169, ¶ 11, citing *Knapp*

*v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶ 19} In addition to the requirement of filing a transcript in the trial court when objecting to a magistrate's decision, filing requirements apply to appeals. In this regard, App.R. 9(C) states that, "[i]f the error assigned on appeal relates to a factual finding, the record on appeal shall include a transcript or affidavit previously filed with the trial court as set forth in Civ.R. 53(D)(3)(b)(iii), Juv.R. 40(D)(3)(b)(iii), and Crim.R. 19(D)(3)(b)(iii)."

{¶ 20} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp* at 199. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.*

{¶ 21} Failing to provide appellate courts with trial court transcripts deprives them "of the ability to determine whether the trial court's decision is supported by the evidence in the record, or otherwise to determine whether [the appellant] has satisfied its burden of portraying error in the record." *Williams v. Premier Auto Mall*, 2d Dist. Montgomery No. 19690, 2003-Ohio-5922, ¶ 3.

{¶ 22} Although Harrison was a pro se litigant, the Supreme Court of Ohio has "repeatedly declared that 'pro se litigants * * * must follow the same procedures as litigants represented by counsel.' " *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764, ¶ 10, quoting *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5. " 'It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to

the same standard as litigants who are represented by counsel.' " *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.* 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th DIst.2001). As a result, Harrison was bound to follow the court's direction and to comply with the requirements of Crim.R. 19(D)(3)(b)(iii) and App.R. 9(C).

{¶ 23} In light of our limited ability to review the trial court's judgment, we find no error. According to the decisions of both the magistrate and the trial judge, the State initially responded to Harrison's discovery request in a timely fashion within a few days of the request. However, for some reason, Harrison did not receive the responses prior to trial. Nonetheless, Harrison was provided with the discovery the day of trial and was given the chance to have the case continued so that he could have time for review. Harrison rejected that offer and insisted on proceeding to trial that day.

{¶ 24} Criminal discovery is regulated by Crim.R. 16. Under Crim.R. 16(L), where discovery violations are brought to the court's attention, "the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." The Supreme Court of Ohio has said that "a trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery." *City of Lakewood v. Papadelis*, 32 Ohio St.3d 1, 5, 511 N.E.2d 1138 (1987).

{¶ 25} The charges at issue here were minor misdemeanors, which must be tried within 30 days after the service of summons. R.C. 2945.71(A). The incident occurred

on March 16, and the trial was set for April 9, 2019. It is apparent that plenty of time remained within which a trial could occur without impinging on Harrison's speedy trial rights. The trial court, therefore, did not abuse its discretion by offering a continuance. More importantly, however, Harrison rejected the court's effort to remedy the violation, as a result, Harrison waived any error. *E.g.*, *State v. Johnson*, 8th Dist. No. 105612, 2018-Ohio-1389, 110 N.E.3d 800, ¶ 30 (8th Dist.); *State v. Walker*, 8th Dist. Cuyahoga No. 59926, 1992 WL 83828, *2 (Apr. 23, 1992) (if a "continuance is offered but declined, the trial court may presume that the violation of discovery has been remedied"; the defendant has also waived the violation).

**{¶ 26}** Based on the preceding discussion, the First Assignment of Error is overruled.

### III. Delay of Trial for State's Benefit

**{¶ 27}** Harrison's Second Assignment of Error, quoted verbatim, states that:

The Trial Court Erred When It Allowed for State Trooper Wilson to be 35 Minutes Late, When Trooper Wilson Was Still Conducting Traffic Enforcement on the Public Highway, During the Time Trooper Wilson Was Due in Court to Testify at 9:45 a.m. Was Still Patrolling Was Prejudice to Delay the Trial for Business Matter Outside the Court's Jurisdiction and Violated the 14 Amendment Under the Equal Protection of the Law Was Not Being Applied, Because Defendants That Are 35 Minutes Late Is [sic] Issued Warrant and a Set Bond and This Is Not Considered Equal Treatment.

{¶ 28} Under this assignment of error, Harrison argues that the trial court should have dismissed the case, rather than granting the State additional time, when Trooper Wilson, the citing officer, was not present when the case was called for trial. Again, there is no transcript, so we must rely on what is in the record and presume the regularity of the proceedings.

{¶ 29} Harrison's argument really has nothing to do with the trial itself; his theory is that it is unfair for courts to delay proceedings so a State witness can appear, when defendants who are cited into court will be arrested if they fail to appear. In rejecting this argument, the trial court found the 35-minute delay reasonable, and also noted that the court itself had also given leeway to defendants when they had reasonable excuses for being late. Entry, p. 3.

{¶ 30} In *State v. Johnson*, 140 Ohio App.3d 385, 747 N.E.2d 863 (1st Dist.2000), the appellant argued that the trial court had abused its discretion in two ways: (1) by denying his request to continue the trial for three days to locate two witnesses; and (2) by denying his request for a 45-minute delay, made on the final day of trial, so a defense witness could arrive. *Id.* at 392-393. The court of appeals found no error in either situation, because the trial court's actions were reasonable under the circumstances. Regarding the 45-minute delay, the court also concluded that the appellant failed to show prejudice. *Id.* at 393.

{¶ 31} "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge." *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981), syllabus. "In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been

requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case."   *Id.* at 67-68.

{¶ 32} In addition to showing an abuse of discretion, "the appellant must show how he has been prejudiced before there can be a finding of prejudicial error."   *State v. Gilleland*, 2d Dist. Champaign No. 2004-CA-1, 2005-Ohio-659, ¶ 5, citing *State v. Broom*, 40 Ohio St.3d 277, 288, 533 N.E.2d 682 (1988),

{¶ 33} After reviewing the statements of the magistrate and trial court, we find no abuse of discretion and no prejudice to Harrison from the brief wait for the State's witness. Accordingly, the Second Assignment of Error is overruled.

IV.   Deprivation of Required Information

{¶ 34} Harrison's Third Assignment of Error states that:

The Appellant Was Deprived of the * * * Right to be Provided With All Required Information, Which Was a Procedural and Substantive Rights Violation Under the 5th And 14th Amendment[s] to the United States Constitutions and the Ohio Bill of Right Art. (1-10).

{¶ 35} Under this assignment of error, Harrison repeats some arguments previously made.   In addition, he appears to be complaining that the State did not give him evidence about where Trooper Wilson had been that day before court, i.e., whether he was writing citations or involved in patrol duties before coming in on the day of trial,

whether Wilson used his overhead lights to get to court that morning, and so forth. Harrison also challenges the fact that Wilson did not bring his speed radar or audio or visual cruiser dash cam recordings about the traffic stop to court, and instead brought only his window tint reader.

{¶ 36} Again, the transcript is not before us, and we have no idea what Trooper Wilson did or did not bring to court. Furthermore, since a trial was held, Harrison would have had the opportunity to cross-examine Wilson on any point he wished, even irrelevant matters like Wilson's conduct before coming to court that morning. As noted, we must presume the regularity of the proceedings, since the transcript was not filed in the trial court or in the court of appeals. *Knapp*, 61 Ohio St.2d at 199, 400 N.E.2d 384,

{¶ 37} As a final note, Harrison has asserted jurisdictional arguments, such as the fact that the trial court lacked jurisdiction over him and that an individual cannot be guilty of an offense created by an unconstitutional law. Appellant's Brief, p. 13-14. Harrison has not elaborated on how these general principles apply to his case. Moreover, there is simply no evidence that the trial court lacked jurisdiction or that Harrison was being prosecuted under an unconstitutional law.

{¶ 38} Based on the preceding discussion, the Third Assignment of Error is overruled.

## V.  Conclusion

{¶ 39} All of Harrison's assignments of error having been overruled, the judgment on the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Joshua Loya
De'Acapone T. Harrison
Hon. Thomas Hanna, Visiting Judge