[Cite as *State v. Tigner*, 2026-Ohio-519.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF WICKLIFFE, | CASE NO. 2025-L-092 |
| Plaintiff-Appellee, | Criminal Appeal from the<br>Willoughby Municipal Court |
| - vs - | |
| DEREK W. TIGNER, | Trial Court No. 2024 TRD 05073 |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: February 17, 2026
Judgment: Affirmed

*Michael Kenny*, City of Wickliffe Prosecutor, and *Eric R. Fink*, 11 South River Street, Kent, OH 44240 (For Plaintiff-Appellee).

*Derek W. Tigner*, pro se, 9500 Wade Park Avenue, Apt. 1216, Cleveland, OH 44106 (Defendant-Appellant).

MATT LYNCH, P.J.

{¶1} This case is before us on the pro se appeal of Derek W. Tigner from the judgment of the Willoughby Municipal Court overruling his "Motion to Reconsider" and affirming the magistrate's decision, thereby convicting him of two minor misdemeanors in violation of the Codified Ordinances of the City of Willoughby. We affirm the trial court's judgment.

{¶2} On November 4, 2024, the State of Ohio/City of Wickliffe filed a traffic citation in the Willoughby Municipal Court, alleging that on November 2, 2024, Tigner failed to stop at a stop sign, in violation of Willoughby Cod.Ord. 331.19 (Count 1), and

failed to display a valid driver's license, in violation of Willoughby Cod.Ord. 335.06 (Count 2).  The citation set a court date of November 14, 2024, at which Tigner was not required to personally appear.  On November 14, 2024, Tigner appeared in court, pro se, and entered pleas of not guilty.

{¶3}    On February 5, 2025, the matter proceeded to a bench trial before the magistrate.  After hearing the evidence, the magistrate issued a decision finding Tigner guilty of both counts.  The magistrate imposed a fine of $100.00 on Count 1 and $400.00 on Count 2, plus court costs.

{¶4}    On February 6, 2025, the trial court adopted the magistrate's decision in a separate judgment entry.

{¶5}    On February 18, 2025, Tigner filed a general motion form, docketed as a "Motion to Drop the Case."  The City of Wickliffe did not respond to the motion.  The trial court overruled this motion on February 24, 2025.  Tigner did not appeal this decision.

{¶6}    On March 31, 2025, Tigner filed a general motion form, docketed as a "Motion Requesting the Court to Reconsider its Ruling."  The trial court did not consider this motion, as it was not signed by Tigner and lacked a completed certificate of service.

{¶7}    On April 15, 2025, Tigner filed a general motion form, docketed as a "Motion to Reconsider Ruling."  The City of Wickliffe did not respond to the motion.  It is apparent the trial court considered this motion as the filing of objections to the magistrate's decision, overlooking the fact that it was filed untimely under Crim.R. 19.  The trial court overruled Tigner's motion on July 9, 2025, stating that after an independent review of the pleadings, exhibits, magistrate's decision, and motion—no transcript having been filed—the court

Case No. 2025-L-092

found no error of law or other defect evident on the face of the magistrate's decision. The court therefore affirmed its judgment entry that adopted the magistrate's decision.

{¶8} On July 29, 2025, Tigner filed a notice of appeal from the trial court's July 9, 2025 judgment entry. He presents three assignments of error for our review.

{¶9} Under his first and second assignments of error, Tigner argues that the trial court erred in denying his "motion to reconsider." Tigner claims that the magistrate's decision contradicts the exculpatory dashcam footage, which clearly shows a complete stop was made prior to the stop sign, and that due process demands such evidence be weighed.

{¶10} Magistrates are permitted to hear traffic cases, and Crim.R. 19 controls those proceedings. *See* Traf.R. 14. Under Crim.R. 19, "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Crim.R. 19(D)(3)(b)(ii). "An objection to a factual finding, whether or not specifically designated as a finding of fact under Crim.R. 19(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Crim.R. 19(D)(3)(b)(iii). "The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause." *Id.*

{¶11} In his motion, Tigner requested the trial court to reconsider the magistrate's factual finding of guilt based on photo and video evidence submitted at the bench trial. The trial court considered Tigner's motion as an objection to the magistrate's decision. However, Tigner failed to support his filing with the transcript or an affidavit of all the

Case No. 2025-L-092

evidence that was submitted to the magistrate. Nor did Tigner request an extension of time within which to prepare the transcript.

{¶12} When a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the magistrate's decision, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's decision. *State ex rel. Duncan v. Chippewa Twp. Trs.*, 73 Ohio St.3d 728, 730 (1995). "In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion." *Id*. "When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court." *Id*. at 732.

{¶13} Because Tigner relies on evidence from the bench trial held before the magistrate, which was not before the trial court in ruling on Tigner's objection to the magistrate's decision, his argument must fail. *See id*. at 730; *State v. Harrison*, 2020-Ohio-3817, ¶ 18 (2d Dist.), quoting *State v. Williams*, 2014-Ohio-3169, ¶ 11 (2d Dist.), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197 (1980) ("Due to the lack of a transcript, 'we have no record of the evidence presented to the magistrate and the trial court . . . and we cannot review their factual findings.'"); *see also State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."). Accordingly, we cannot conclude that the trial court abused its discretion in adopting the magistrate's decision finding Tigner guilty of both counts as charged.

Case No. 2025-L-092

{¶14} The first and second assignments of error are without merit.

{¶15} Under his third assignment of error, Tigner contends that "[t]he appeal was delayed due to incorrect instructions from court clerks and a documented family emergency. Appellant acted in good faith and attempted filing on time. Ohio courts have permitted delayed appeals under exceptional circumstances, and justice demands that Appellant be heard." Tigner claims that he "made every effort to file the appeal but was directed to the wrong address on two separate occasions . . ., resulting in confusion and delay."

{¶16} "[A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(1). Tigner filed his appeal within 30 days of the trial court's final judgment, rendering it timely under App.R. 4(A)(1). Accordingly, Tigner's argument lacks factual foundation and presents no legal basis upon which this court could possibly provide relief.

{¶17} The third assignment of error is not well taken.

{¶18} The judgment of the Willoughby Municipal Court is affirmed.


JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-L-092

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Willoughby Municipal Court is affirmed.

Costs to be taxed against appellant.

_____
PRESIDING JUDGE MATT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-092