THE STATE EX REL. GESSNER, APPELLANT, *v.* VORE, SHERIFF, ET AL.,

APPELLEES.

[Cite as *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150.]

*Mandamus denied — Adequate remedy in the ordinary course of law.*

(No. 2009-0245 — Submitted August 11, 2009 — Decided August 25, 2009.)

APPEAL from the Court of Appeals for Montgomery County, No. 22882.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing the petition of appellant, Mark E. Gessner, for a writ of mandamus to compel appellees, the sheriff-elect and the acting sheriff of Montgomery County, to provide him with due process of law for a June 2008 notice against trespass issued to him, barring him from specified courthouses.

{¶ 2} For the following reasons, the court of appeals properly dismissed Gessner's petition.

{¶ 3} First, Gessner had an adequate remedy in the ordinary course of law by way of an action under Section 1983, Title 42, U.S. Code, to raise his federal constitutional claims. *State ex rel. Mackey v. Blackwell*, 106 Ohio St.3d 261, 2005-Ohio-4789, 834 N.E.2d 346, ¶ 21. He could have filed this action in common pleas court and joined any state-law claims. See *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 317-318, 725 N.E.2d 663.

{¶ 4} Second, Gessner cites no statute imposing any legal duty on appellees. "It is axiomatic that in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty."

*State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 18.

{¶ 5}   Finally, notwithstanding Gessner's argument to the contrary, pro se litigants like him must follow the same procedures as litigants represented by counsel. *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10.

{¶ 6}   Therefore, we affirm the judgment of the court of appeals dismissing Gessner's mandamus petition.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Mark E. Gessner, pro se.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and John A. Cumming, Assistant Prosecuting Attorney, for appellees.

_____