[Cite as *Bryant M. Properties, L.L.C. v. Graves*, 2023-Ohio-4127.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| BRYANT M PROPERTIES LLC, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 112527 |
| v. | : | |
| LAVERA GRAVES, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 16, 2023

Civil Appeal from the Bedford Municipal Court
Case No. CV-22CVF04607

### *Appearances:*

Robert Edelstein, *for appellee.*

LaVera Graves, *pro se.*

LISA B. FORBES, J.:

{¶ 1} LaVera Graves ("Graves"), acting pro se, appeals the trial court's journal entry granting $3,104.38 in damages to Bryant M Properties LLC ("Bryant Properties"). After reviewing the facts of the case and the pertinent law, we affirm.

## A. Facts and Procedural History

{¶ 2} Bryant Properties filed a complaint for damages and unpaid rent in the Bedford Municipal Court. In its complaint, Bryant Properties alleged that Graves "breached the provisions of her rental agreement by failing to make the rental payments required thereunder in a timely fashion * * *." The complaint further alleged that Graves owed "$1415.56 of back rent, utilities and late fees" and claimed "damage to the premises" by Graves.

{¶ 3} The matter proceeded to trial on February 8, 2023.

{¶ 4} Following trial, the court issued a journal entry finding in favor of Bryant Properties in the amount of $3,104.38. It is from this order that Graves appeals arguing that "Bryant M Properties LLC states that I * * * owe rent to them. * * * I feel that I shouldn't have to pay if I was being threaten[ed] or force[d] to move."

## B. Law and Analysis

{¶ 5} The Ohio Supreme Court has "repeatedly declared that 'pro se litigants * * * must follow the same procedures as litigants represented by counsel.' *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5." *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764, ¶ 10. Furthermore, Ohio courts have consistently held that pro se litigants "are presumed to have knowledge of the law and legal procedure and * * * they are held to the same standard as litigants who are represented by counsel." *Sabouri v. Ohio*

*Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001).

{¶ 6} App.R. 16(A)(7) requires an appellant to include in the appellate brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." An appellant's "failure to offer relevant citations to the record to support its appellate arguments is a fatal flaw." *In re Fuel Adjustment Clauses for Columbus S. Power Co.*, 140 Ohio St.3d 352, 2014-Ohio-3764, 18 N.E.3d 1157, ¶ 36. "'An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" *Baxter v. Thomas*, 8th Dist. Cuyahoga No. 101186, 2015-Ohio-2148, ¶ 54, quoting *Rodriguez v. Rodriguez*, 8th Dist. Cuyahoga No. 91412, 2009-Ohio-3456, ¶ 4.

{¶ 7} "Pursuant to App.R. 9(B), the appellant has a duty to file the transcript from any lower court proceedings to the extent it is necessary for evaluation of the judgment being appealed." *Farmer v. Healthcare Bridge*, 8th Dist. Cuyahoga No. 110469, 2021-Ohio-3207, ¶ 6. Parties may also file an alternative record in the absence of a transcript. Pursuant to App.R. 9(C), if the proceedings were not recorded, a transcript is unavailable, or a recording was made but no longer available, "the appellant may prepare a statement of the evidence or proceedings

from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record[.]" Similarly, App.R. 9(D) permits the parties to file an agreed statement of the record on appeal. "[A]bsent a transcript or alternative record under App.R. 9(C) or (D), we must presume regularity in the proceedings below." *Lakewood v. Collins*, 8th Dist. Cuyahoga No. 102953, 2015-Ohio-4389, ¶ 9.

{¶ 8} Graves does not provide any citation to the record and does not provide citations to relevant legal authority in support of her argument. Importantly, Graves does not identify an error she believes the court made below, though she does appear to dispute the verdict. Further, she did not provide a transcript or alternative record for our review.

{¶ 9} On appeal, Graves does not dispute that she entered into a lease with Bryant Properties that ran through July 2023. She further does not dispute that she moved prior to the end of lease. In her appeal, Graves appears to challenge the court's damages award. Without a transcript of the trial or alternate record, we are unable review the propriety of the court's award.

{¶ 10} In light of the foregoing, Graves's appeal is not well taken.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MARY EILEEN KILBANE, P.J., and
SEAN C. GALLAGHER, J., CONCUR