[Cite as *Huntington Natl. Bank v. Bossart*, 2024-Ohio-374.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HUNTINGTON NATIONAL BANK | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| MICHAEL T. BOSSART | : | Case No. 2023CA00115 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 2023CV00047

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                February 1, 2024

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ERIC T. DEIGHTON                          MICHAEL T. BOSSART
24755 Chagrin Boulevard                   3825 Orion Street NW
Suite 200                                 North Canton, OH  44720
Cleveland, OH  44112

*King, J.*

{¶ 1}   Defendant-Appellant, Michael T. Bossart, appeals the September 6, 2023 judgment entry of the Court of Common Pleas of Stark County, Ohio, granting summary judgment on a foreclosure complaint to Plaintiff-Appellee, Huntington National Bank.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 5, 2017, Bossart executed a promissory note in the amount of $120,000.00 to Huntington.  The note was secured by a mortgage given to Huntington's nominee, Mortgage Electronic Registration Systems, Inc. ("MERS").  On January 4, 2023, MERS assigned the mortgage to Huntington.  The assignment was recorded on January 9, 2023.  Because Bossart failed to pay on the note, Huntington filed a complaint for foreclosure on January 10, 2023.

{¶ 3}   On February 13, 2023, Bossart filed a motion to dismiss for lack of subject matter jurisdiction, arguing Huntington lacked standing because it was not the real party in interest and holder of the note and mortgage.  By judgment entry filed March 21, 2023, the trial court denied the motion.

{¶ 4}   On March 29, 2023, Bossart filed an answer and a counterclaim.  On May 1, 2023, Bossart filed an amended counterclaim, alleging wrongful foreclosure and violations of the Truth in Lending Act, the Fair Debt Collection Practices Act, the Ohio Constitution, the Gramm-Leach-Bliley Act, and 16 C.F.R. 433.  On May 11, 2023, Huntington filed a Civ.R. 12(B)(6) motion to dismiss the amended counterclaim for failure to state a claim upon which relief can be granted.  By judgment entry filed June 27, 2023,

the trial court granted the motion, finding Huntington sufficiently demonstrated that Bossart could prove no set of facts to warrant recovery on the amended counterclaim.

{¶ 5}   On July 5, 2023, Huntington filed a motion for summary judgment, attaching an affidavit in support.  By judgment entry filed September 6, 2023, the trial court granted the motion, finding genuine issues of material fact did not exist.

{¶ 6}   Bossart filed a pro se appeal.  As Bossart failed to list any assignments of error pursuant to App.R. 16(A)(3), we glean the following assignments from the state of the record:

I

{¶ 7}   "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO HUNTINGTON."

II

{¶ 8}   "THE TRIAL COURT ERRED IN DISMISSING BOSSART'S AMENDED COUNTERCLAIM."

{¶ 9}   At the outset, we note Bossart has filed this appeal pro se.  The Supreme Court of Ohio has repeatedly stated that "pro se litigants * * * must follow the same procedures as litigants represented by counsel."  *State ex rel. Gessner v. Vore,* 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5.  "It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel."  (Emphasis sic.) *Sabouri v. Ohio Department of Job & Family Services*, 145 Ohio St.3d 651, 654, 763 N.E.2d 1238.  As explained by our colleagues from the Tenth District in *Justice v.*

*Lutheran Social Services of Central Ohio,* 10th Dist. Franklin No. 92AP-1153, 1993 WL 112497, *2:

> While one has the right to represent himself or herself and one may proceed into litigation as a *pro se* litigant, the *pro se* litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat *pro se* litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel. (Emphasis sic.).

{¶ 10} Bossart's brief fails to follow App.R. 12(A)(2) and 16 and Loc.R. 9 of the Fifth District Court of Appeals. The failure to comply with these procedural rules is tantamount to failing to file a brief. *Beem v. Thorp*, 5th Dist. Licking No. 16-CA-97, 2017-Ohio-2967, ¶ 9. Such deficiencies permit this court to dismiss the appeal. *Id.* Notwithstanding the omissions in Bossarts brief, in the interests of justice and finality, we elect to review the appeal. *Erdman v. Williams*, 5th Dist. Tuscarawas No. 2012 AP 08 0054, 2013-Ohio-980, ¶ 9.

I

{¶ 11} Bossart challenges the trial court granting summary judgment to Huntington. We find no error by the trial court.

{¶ 12} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Regarding summary judgment, the Supreme Court stated the following in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶ 13} As an appellate court reviewing summary judgment motions, we must stand place of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 14} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 15} To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary quality materials establishing: (1) the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been satisfied; and (5) the amount of principal and interest due. *Wachovia Bank of Delaware, N.A. v. Jackson,* 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶ 40-45.

{¶ 16} In support of its July 5, 2023 motion for summary judgment, Huntington presented the affidavit of Authorized Signer Austin V. Hill, custodian of the business records, attesting to these issues at ¶ 4-7. Attached to the affidavit were the subject note and mortgage bearing Bossart's signatures, the mortgage assignment, the notice of intention to accelerate and foreclose, and the customer account activity statement. Huntington met its initial burden of informing the trial court of the basis for its motion and demonstrating the absence of a genuine issue of material fact.

{¶ 17} In his reply to the motion for summary judgment, Bossart argued Huntington's evidence was incomplete and not authenticated by a competent fact witness. Bossart argued Huntington failed to present the cancelled check to prove he received the loan and failed to record the assignment of the note. He also argued discovery was not yet completed. Bossart submitted his own "rebuttal affidavit" which contained nothing more than arguments couched as "facts." A self-serving affidavit that is not corroborated by any evidence is insufficient to establish the existence of an issue of material fact. *Wells Fargo Bank v. Blough,* 4th Dist. Washington No. 08CA49, 2009-

Ohio-3672, ¶ 18; *Shreves v. Meridia Health System,* 8th Dist. Cuyahoga No. 87611, 2006-Ohio-5724, ¶ 27 ("a party's unsupported and self-serving assertions offered to demonstrate issues of fact, standing alone and without corroborating materials contemplated by Civ.R. 56, are simply insufficient to overcome a properly supported motion for summary judgment"). Bossart failed to meet his reciprocal burden to submit evidentiary quality material supporting his position.

{¶ 18} In his appellate brief, Bossart appears to argue the trial court presumed jurisdiction without proper legal basis because Huntington lacked standing since it was not the real party in interest and holder of the note and mortgage.

{¶ 19} The note attached to the complaint was between Bossart and Huntington. The mortgage attached to the complaint was given to Huntington's nominee, MERS. The mortgage assignment attached to the complaint assigned the mortgage from MERS to Huntington. Huntington is the real party in interest and thus had standing to file the complaint and the trial court had subject matter jurisdiction to hear the matter. *Central Mortgage Co. v. Elia,* 9th Dist. Summit No. 25505, 2011-Ohio-3188; *Chase Manhattan Mortgage Corp. v. Smith,* 1st Dist. Hamilton No. C-061069, 2007-Ohio-5874, ¶ 18; *Gustafson v. Buckley,* 161 Ohio St. 160, 163, 118 N.E.2d 403 (1954); R.C. 2305.01.

{¶ 20} In his appellate brief, Bossart further argues the following:

{¶ 21} 1) Mortgage fraud and possible RICO because Huntington did not loan any money to Bossart.

{¶ 22} 2) The note and mortgage were separated; therefore, Huntington lacked authority to foreclose on the property.

{¶ 23} 3) The lien on the property was unlawfully placed as it attaches to the note rather than the property itself making the lien invalid.

{¶ 24} 4) The note lacked necessary allonges, assignments, or indorsements raising doubts about the authenticity and validity of the note.

{¶ 25} 5) The assignments in blank are unlawful and invalid.

{¶ 26} It appears Bossart did not raise these issues to the trial court but if he did in his nebulous arguments to the trial court, he did not submit any materials of evidentiary quality to support these arguments; the arguments lack merit. We find Bossart has not met his reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial.

{¶ 27} Upon review, we find the trial court did not err in granting summary judgment to Huntington.

{¶ 28} Assignment of Error I is denied.

II

{¶ 29} Bossart challenges the trial court dismissing his amended counterclaim under Civ.R. 12(B)(6). We find no error by the trial court.

{¶ 30} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.,* 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners,* 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v.*

*Faber,* 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).  But we need not accept as true any unsupported and conclusory legal propositions presented in the complaint.  *Bullard v. McDonald's*, 10th Dist. Franklin No. 20AP-374, 2021-Ohio-1505, ¶ 11.

{¶ 31} In dismissing the amended counterclaim, the trial court found Huntington sufficiently demonstrated that Bossart could prove no set of facts to warrant recovery. Judgment Entry filed June 27, 2023.  We agree.

{¶ 32} In his amended counterclaim, Bossart alleged wrongful foreclosure and violations of the Truth in Lending Act, the Fair Debt Collection Practices Act, the Ohio Constitution, the Gramm-Leach-Bliley Act, and 16 C.F.R. 433.  None of these allegations stated a claim upon which relief could be granted under the facts of this case.  *Nationstar Mortgage, L.L.C. v. Waisanen*, 9th Dist. Lorain No. 16CA010904, 2017-Ohio-131, fn. 1 ("Ohio courts have not recognized an independent cause of action for wrongful foreclosure"); *Canton School Employees Federal Credit Union v. Williams,* 5th Dist. Tuscarawas No. 2016 AP 01 0003, 2016-Ohio-2653, ¶ 36 ("a plaintiff must bring any claim for damages based on a violation of TILA 'within one year from the date of the occurrence of the violation.'  15 U.S.C. 1640(e)"); *Wells Fargo Bank v. Gerst,* 5th Dist. Delaware No. 13 CAE 05 0042, 2014-Ohio-80, ¶ 29 ("It is well established creditors and mortgage service companies are not debt collectors and are not subject to liability under the FDCPA"); *CitiMortgage, Inc. v. Hoge,* 196 Ohio App.3d 40, 2011-Ohio-3839, 962 N.E.2d 327 (8th Dist.), ¶ 26 (16 C.F.R. 433.2 "deals only with the 'sale or lease of goods or services to consumers.'  The sale and financing of real property is not covered").

{¶ 33} Upon review, we find the trial court did not err in dismissing Bossart's amended counterclaim.

{¶ 34} Assignment of Error II is denied.

{¶ 35} The judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.

By King, J.

Hoffman, P.J. and

Baldwin, J. concur.