[Cite as *State v. Spann*, 2024-Ohio-2069.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                               No. 113310

    v.                                       :

ALBERT SPANN,                          :

    Defendant-Appellant.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 30, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-08-513194-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Albert Spann, *pro se.*

LISA B. FORBES, J.:

{¶ 1} Albert Spann ("Spann"), acting pro se, appeals from the trial court's decision denying his "motion for relief from judgment." After reviewing the facts of the case and the pertinent law, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} On June 25, 2009, the trial court journalized an entry demonstrating that Spann pled guilty to aggravated murder, a first-degree felony in violation of R.C. 2903.01 and aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A)(1). Each count carried a "notice of prior conviction, repeat violent offender specification." The court sentenced Spann to an aggregate prison sentence of 25 years to life.

{¶ 3} Spann filed a motion for relief from judgment pursuant to Civ.R. 60(B) on September 21, 2022, "seeking relief from the judgment entered against him on June 25, 2009 accepting the guilty plea entered on his behalf * * *."

{¶ 4} The trial court denied Spann's motion on September 26, 2023. It is from this order that Spann appeals raising the following assignment of error: "The trial court erred and abused its discretion in arbitrarily denying Appellant's Motion for Relief from Judgment without any findings of fact, conclusions of law or other reasoning whatsoever, and without conducting a hearing."

## II. Law and Analysis

{¶ 5} The Ohio Supreme Court has "repeatedly declared that 'pro se litigants * * * must follow the same procedures as litigants represented by counsel.' *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5." *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764, ¶ 10. Furthermore, Ohio courts have consistently held that pro se litigants "are presumed to have knowledge of the law and legal procedure and * * * they are held

to the same standard as litigants who are represented by counsel." *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001).

{¶ 6} On appeal, the state of Ohio argues that Spann's motion for relief from judgment pursuant to Civ.R. 60(B) should be recast and treated as a petition for postconviction relief.

{¶ 7} The Ohio Supreme Court has stated that an irregular motion may be recast as a petition for postconviction relief in a criminal case when it: "'(1) was filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence.'" *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12, quoting *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997).

{¶ 8} Spann argues that it is improper to recast his motion and directs this court to *State v. Hill*, 11th Dist. Trumbull No. 2023-T-0039, 2023-Ohio-4486, in support of his argument. In *Hill*, the 11th District Court of Appeals found that the trial court erred when it recast Hill's motion for relief from judgment pursuant to Civ.R. 60(B) as a petition for postconviction relief where that motion requested relief from a previous denial of postconviction relief. *Id*. at ¶ 52. The *Hill* Court noted that a petition for postconviction relief is a collateral civil attack on a criminal conviction and thus, a Civ.R. 60(B) motion is "the appropriate motion to file to seek

relief from the civil judgment that was entered on his petition for postconviction relief." *Id.*

{¶ 9} Here, Spann's motion for relief from judgment sought "relief from the judgment of conviction entered * * * on June 25, 2009." Assuming without deciding that the rationale used in *Hill* to reverse the trial court's judgment is proper, that rationale is inapplicable to Spann's motion. Spann is not seeking relief from a denial of a petition for postconviction relief. Rather, he seeks relief from his conviction.

{¶ 10} Therefore, we will review the trial court's denial of Spann's motion as a denial of a petition for postconviction relief.

{¶ 11} Postconviction relief is a civil collateral attack on a criminal judgment. *State v. Curry*, 8th Dist. Cuyahoga No. 108088, 2019-Ohio-5338, ¶ 12. "Postconviction review is not a constitutional right but, rather, is a narrow remedy that affords a petitioner no rights beyond those granted by statute." *Id.*, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281-282, 714 N.E.2d 905 (1999). R.C. 2953.21 allows convicted criminal defendants to file a petition requesting the court to vacate its judgment on the grounds that there was a denial or infringement on his or her rights rendering the judgment void or voidable. R.C. 2953.21(A)(1)(a)(i). That petition must be filed no later than 365 days after the transcript being filed in his or her direct appeal, or if no appeal is filed, no later than 365 days "after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2)(a).

{¶ 12} However, a convicted defendant may file a petition for postconviction relief after the 365-day deadline if he or she meets the requirements of

R.C. 2953.23(A).[1] Under 2953.23(A)(1), a petitioner meets the timeliness exception if:

> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

To meet the "unavoidably prevented" standard, Ohio courts "have previously held that a defendant ordinarily must show that he was unaware of the evidence he is relying on and that he could not have discovered the evidence by exercising reasonable diligence." *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 21

{¶ 13} Typically, a trial court's decision on whether to grant postconviction relief is reviewed for an abuse of discretion. *See State v. Lawrence*, 8th Dist. Cuyahoga No. 109951, 2021-Ohio-2105, ¶ 12. However, whether a trial court had subject-matter jurisdiction to entertain an untimely postconviction-relief petition is

---

[1] R.C. 2953.23(A)(2) specifies a timeliness exception regarding actual innocence due to DNA testing. Spann makes no argument in his petition or on appeal regarding DNA, therefore, this section of the statute will not be discussed further.

a question of law that is reviewed de novo. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24.

{¶ 14} Here, Spann did not file a direct appeal from his 2009 conviction. He filed his petition for postconviction relief on September 21, 2022, far in excess of one year after the expiration of the time to file a direct appeal. Therefore, Spann's petition for postconviction relief was untimely unless he demonstrated that he was unavoidably prevented from discovering the facts upon which he relies in his petition within the statutory timeframe and that no reasonable factfinder would have found him guilty.

{¶ 15} In his motion, Spann argued he had recently acquired his VA medical records, which he argues indicate that he was improperly medicated during the time he was incarcerated awaiting trial. According to Spann, as a result of the improper medication, his plea was not knowing, intelligent, and voluntary.

{¶ 16} However, Spann did not demonstrate that he was unaware of these records and could not have retrieved them through reasonable diligence within one year of his conviction. In his petition, Spann stated that it was not until he had his "case file reviewed by a prisoner law clerk [he] realized that he needed to obtain his V.A. records." An affidavit of the prisoner law clerk attached to Spann's petition states that he met Spann in 2018, nine years after Spann's conviction. A review of the trial court docket reveals that in an August 30, 2013 motion to withdraw his guilty plea, Spann argued "[t]he particular 'manifest injustice' which requires the

withdrawal of [Spann's] Plea rests upon the fact that at the time of his sentencing, [Spann] was not taking his regular medication."

{¶ 17} Spann's petition demonstrates that he did not attempt to retrieve his own medical records, which are the basis of his petition for postconviction relief, until at least 2018. However, Spann knew that he was allegedly improperly medicated as early as 2013. Based on these facts, we do not find that Spann was unavoidably prevented from discovering the evidence he relies on in his 2023 petition for postconviction relief. Thus, the trial court did not err when it denied his petition.

{¶ 18} Spann's sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, JUDGE

MARY EILEEN KILBANE, P.J., and
ANITA LASTER MAYS, J., CONCUR