[Cite as *Thomas v. Salahaldin*, 2024-Ohio-3298.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| TESIA THOMAS, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 113234 |
| GHASSAN SALAHALDIN, ET AL., | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 29, 2024

Civil Appeal from the Rocky River Municipal Court
Case No. 23 CVI 1092

***Appearances:***

Tesia Thomas, *pro se*.

Mark C. Lindsey, *for appellees*.

LISA B. FORBES, P.J.:

{¶ 1} Tesia Thomas ("Thomas") appeals from the municipal court's journal entry adopting the magistrate's decision and rendering judgment in favor of Ghassan Salahaldin ("Ghassan") and his son, M.S. (collectively the "Salahaldins"), in this case involving an alleged car accident. After reviewing the facts of the case and pertinent law, we affirm the municipal court's judgment.

## I.     Facts and Procedural History

{¶ 2}   On June 22, 2023, Thomas filed a small claims complaint in the Rocky River Municipal Court against Ghassan alleging that, on April 8, 2023, "road rage accident caused damage to my vehicle." On August 24, 2023, Thomas filed an amended complaint adding M.S. as a defendant. On September 18, 2023, this case went to trial before a magistrate. Thomas appeared pro se, and the Salahaldins were represented by an attorney from Progressive who insures the Salahaldins' cars.

{¶ 3}   Also on September 18, 2023, after the one-day trial concluded, Thomas filed objections to the magistrate's recommendation, although the magistrate had not issued a recommendation or decision at that time. The next day, September 19, 2023, Thomas filed "further" objections to the magistrate's decision, which still had not been issued. On September 21, 2023, the magistrate filed her decision, which the court adopted entering judgment in favor of the Salahaldins. Thomas filed a request for findings of fact and conclusions of law, which the court issued on November 17, 2023. On November 21, 2023, the court issued a journal entry overruling Thomas's objections to the magistrate's decision and granting judgment in favor of the Salahaldins.

{¶ 4}   It is from this order that Thomas appeals raising 11 assignments of error for our review.

> I.      The trial court erred by the Magistrate acting in disregarding photographic evidence due to the evidence not being dated in discordance with the law.
>
> II.     The trial court erred by the Magistrate abusing her discretion in not applying the same arbitrary standard for credibility of evidence due

to timestamp to both Thomas and Salahaldin documentary evidence and by the Magistrate attributing specific fact to Salahaldin documentary evidence where there is none.

III.     The trial court erred by the Magistrate abusing her discretion in arbitrarily believing that Thomas's glimpse of the child would've been too quick to render a clear perception of the child when the Magistrate does not detail the credibility of how Thomas identified Salahaldin vehicle given the same circumstances or take into account the fact that Thomas did in fact accurately draw and describe the Salahaldin child and the Salahaldin vehicle before the Salahaldin father was even knows or called to the police station.

IV.     The trial court erred by the Magistrate abusing her discretion in disregarding all of Thomas's evidence, both contemporary documentary evidence and testimony, to the identity of who hit her while believing Salahaldin's documentary evidence and testimony against the weight of the evidence.

V.     The trial court erred by the Magistrate abusing her discretion in allowing Salahaldin attorney to submit Salahaldin's Exhibit A against the rules of evidence.

VI.     The trial court erred by the Magistrate believing the child was properly served in discordance with the law.

VII.     The trial court erred by the Magistrate believing that Thomas was served with Attorney Lindsey's September 11, 2023, notice of appearance in discordance with the law.

VIII.   The trial court erred by the Magistrate not striking Attorney Lindsey's September 11, 2023, notice of appearance from the record in discordance with the law.

IX.     The trial court erred by the Magistrate allowing Attorney Lindsey to represent the Salahaldin son despite Lindsey not properly serving the notice of appearance from September 11, 2023, on Thomas in discordance with the law.

X.     The trial court erred by the Magistrate not allowing Thomas a continuation in discordance with the law.

XI.     The trial court erred by the Magistrate not recusing herself as a judicial candidate in a case that includes a constituent versus a non-constituent in discordance with the law.

## II.   Law and Analysis

### A.  Pro Se Litigants

{¶ 5}     The Ohio Supreme Court has repeatedly held that "pro se litigants . . . must follow the same procedures as litigants represented by counsel." *State ex rel. Gessner v. Vore*, 2009-Ohio-4150, ¶ 5.  "It is well-established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001). Although pro se litigants are held to the same standards as litigants represented by counsel, "appellate courts generally prefer to review cases on their merits. Therefore, we ordinarily afford lenience to pro se litigants." *Wiltz v. Cleveland Clinic*, 2021-Ohio-62, ¶ 19 (8th Dist.).  *But see State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 11 ("that leeway manifests in limited ways: attempting to address a pro se litigant's arguments on the merits when they are indecipherable . . . or liberally construing the allegations in a pro se [litigant's] complaint as stating the elements of a claim").

### B.  Failure to File Transcript of Proceedings Before the Magistrate

{¶ 6}     Pursuant to Civ.R. 53(D)(3)(b)(iii), an objection to a magistrate's factual finding "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript

is not available. . . . The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections . . . ." This court has held that "the failure to file a transcript or affidavit under Civ.R. 53(D)(3)(b)(iii) waives all factual challenges to the magistrate's decision on appeal." *Rosett v. Holmes*, 2023-Ohio-606, ¶ 22 (8th Dist.).

{¶ 7} It is undisputed that Thomas did not file a transcript or an affidavit in the municipal court in accordance with Civ.R. 53 and in relation to her objections to the magistrate's decision.

{¶ 8} Furthermore, when a transcript is necessary for the disposition of an appeal, the appellant bears the burden of filing the transcript. App.R. 9(B). "In the absence of a transcript, we must presume regularity in the trial court proceedings." *Id.* at ¶ 23. *See also Lakewood v. Collins*, 2015-Ohio-4389, ¶ 9 (8th Dist.) ("Failure to file the transcript prevents an appellate court from reviewing an appellant's assigned errors."). In the absence of a transcript, an "appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." App.R. 9(C). This statement must be approved by the trial court. *Id.*

{¶ 9} It is undisputed that Thomas did not file a transcript of the municipal court proceedings or a statement of the evidence in this court in relation to her appeal. On October 27, 2023, the municipal court issued a journal entry stating that it was "unable to approve [Thomas's] statement of the facts" pursuant to App.R. 9(C). This journal entry further states as follows:

There was no transcript of the proceedings pursuant to Rocky River Municipal Court Local Rule 1.18(A) which provides:

A. RECORD OF PROCEEDINGS: All traffic and criminal proceedings, except minor misdemeanor traffic arraignments, shall be recorded as required by the Ohio Rules of Criminal and Civil Procedure. *Civil trials, hearings and other proceedings will only be recorded at the request of either counsel or party, if there is no counsel, unless otherwise deemed appropriate by the assigned Judge.*

In this case neither party nor [the Salahaldins'] counsel requested that the Trial be recorded.

Furthermore, although [Thomas] filed Objections to the Magistrate's Decision, she did not file an Affidavit of the Evidence as required by Civil Rule 53(D)(3)(b)(iii) with the trial court. Therefore, since the case was heard by a magistrate, the trial judge does not have a possibility to fully review the findings of fact.

(Emphasis in original.)

{¶ 10} Therefore, Thomas has waived any challenge to factual findings made by the magistrate in the municipal court, and we must presume regularity of the municipal court proceedings. Simply put, there is no record of the trial for this court to review.

{¶ 11} Thomas's assignments of error one through five concern the evidence admitted at trial and the credibility of the witnesses who testified. All of these challenges relate to factual findings made by the magistrate. Without a transcript, we are unable to review any of these assignments of error. For example, in her third assignment of error, Thomas takes issue with the magistrate's finding of fact that Thomas's "glimpse of the driver as he passed would have been brief and she testified that she was also taking a picture of the car with her phone as it passed." In her appellate brief, Thomas asks this court to "look at the facts of the case and what [she]

remembered." Thomas's brief then attempts to detail what occurred at trial to essentially disprove the magistrate's finding. We are unable to pass judgment on Thomas's argument without a transcript providing the testimony and evidence produced at trial.

{¶ 12} Accordingly, Thomas's first, second, third, fourth, and fifth assignments of error are overruled. Thomas's remaining assignments of error concern matters of law or procedural issues that do not require a transcript to resolve. Therefore, we review them on the merits.

## C. Service of M.S. and Notice of Appearance

{¶ 13} In her sixth assignment of error, Thomas argues that "[s]ervice for [M.S.] has not yet been rendered at least in Thomas's view as service had failed per the court docket." Specifically, Thomas argues that Civ.R. 4 was violated because the "summons did not contain the address of [M.S.] or a name matching Salahaldin's notice of appearance."[1] Pursuant to Civ.R. 4(B), the "summons shall . . . contain . . . the names and addresses of the parties . . . ." A cursory review of the docket in the case at hand shows that the amended complaint was served on M.S. by FedEx and regular mail and that his name and address appear fully on the summons.

{¶ 14} Accordingly, Thomas's sixth assignment of error is overruled.

---

[1] On September 11, 2023, the attorney from Progressive filed a notice of appearance on behalf of M.S. after M.S. was served with the amended complaint. In this notice of appearance, M.S.'s name mistakenly appears as first name, last name, middle name, instead of first name, middle name, last name. We find this to be an obvious typographical error and irrelevant to the case at hand.

{¶ 15} In Thomas's seventh, eighth, and ninth assignments of error, she argues that she "had no idea that [M.S.] would be appearing in court for trial on September 18, 2023," because he was not properly served with the amended complaint and because "his name was not properly spelled in the notice documents."

{¶ 16} First, we determined, and the municipal court's docket reflects, that M.S. was properly served. Second, on August 21, 2023, Thomas amended her complaint for the sole purpose of including M.S. as a defendant. To argue on appeal that she "had no idea" M.S. would appear for trial is disingenuous because Thomas is the one who requested his presence.

{¶ 17} Accordingly, Thomas's seventh, eighth, and ninth assignments of error are overruled.

## D. Failure to Grant Continuance

{¶ 18} In Thomas's tenth assignment of error, she argues that she "did in fact ask for a continuance but it was rejected . . . ." Thomas does not identify in her appellate brief when she asked for the continuance or what proceeding she requested be continued. Our review of the docket in this case shows that Thomas did not file a motion for a continuance. Furthermore, as stated previously, we do not have a transcript and are unable to determine whether Thomas orally requested a continuance in open court.

{¶ 19} Accordingly, Thomas's tenth assignment of error is overruled.

### E. Recusal of Magistrate

{¶ 20} In her 11th assignment of error, Thomas argues that pursuant to Jud.Cond.Canon 2.11, "the Magistrate and then current judicial candidate has a conflict of interest" and "erred by . . . not recusing herself as a current judicial candidate in a case that includes a constituent versus a non-constituent." Thomas further argues that a "constituent-judicial candidate relationship creates a prima facie conflict of interest because the magistrate is vying for an elected position . . . ."

{¶ 21} Jud.Cond.Canon 2.11 governs disqualification of judges for impartiality. Subsection (5) of this Canon applies to certain statements a judge has made, including statements made while that person was a judicial candidate. Jud.Cond.Canon 2.11 does not mention, however, the word "constituent." Thomas cites no case law to support her interpretation of this canon, namely that the magistrate had a conflict of interest because one of the parties was a "constituent." Our search reveals no cases in the State of Ohio that stand for the legal proposition that Thomas urges us to adopt.

{¶ 22} Accordingly, Thomas's 11th and final assignment of error is overruled.

{¶ 23} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLE, J., CONCUR